UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID G. BENNER,

        Petitioner,        Case No. 1:07-cv-1059

v.        Honorable Gordon J. Quist

CAROL C. HOWES,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.        Factual Allegations

Petitioner is incarcerated in the Florence Crane Correctional Facility. He pleaded guilty in the Lapeer County Circuit Court to one count of third-degree criminal sexual conduct. The trial court sentenced him on July 10, 2000, to imprisonment of five to fifteen years. Petitioner filed a motion for re-sentencing claiming that there was inaccurate information in the Presentence Investigation Report (PSIR) and that the trial court had relied upon that inaccurate information in imposing sentence. Following a hearing on August 6, 2001, the trial court concluded that it had not relied upon inaccurate information in sentencing Petitioner, and thus, he was not entitled to re-sentencing. However, the Court issued an order on June 17, 2002, requiring the Michigan Department of Corrections to remove any statement from the PSIR that Petitioner had violated his step-daughter and granddaughter hundreds of times over the years. Petitioner maintains that there were several other inaccuracies in the PSIR that were not corrected by the trial court, but he did not appeal his conviction or sentence.

Almost five years later, on May 9, 2005, Petitioner filed a "Motion for Specific Enforcement of the Court's Order to Correct Pre-sentence Report and Sanctions for Contempt," which was construed by the Lapeer County Circuit Court as a motion for relief from judgment brought pursuant to MICH. CT. R. 6.500 *et seq*. The trial court issued an order on May 20, 2005, requiring the Michigan Department of Corrections (MDOC) to immediately make the corrected portions of Petitioner's PSIR a part of his permanent file and to destroy any uncorrected portions of Petitioner's PSIR that is had in its possession. The court further ordered that the MDOC treat the corrected portions of the PSIR as having been filed with the MDOC since June 17, 2002. The circuit

court denied Petitioner's motion in all other respects. Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals raising the following claims:

> I. DEFENDANT'S PLEA WAS INDUCED BY A PROMISE BY THE PROSECUTOR AND THE PROMISE WAS UNFULFILLED WHERE TRIAL COUNSEL WAS INEFFECTIVE WHEN HE FAILED TO PLACE THE SENTENCE AGREEMENT ON THE RECORD THUS MISREPRESENTING INCARCERATION TIME AND PAROLE ELIGIBILITY WHEN DEFENDANT WAS SUBSEQUENTLY SENTENCED TO A LONGER TERM.
>
> II. DEFENDANT'S SENTENCE IS INVALID WHERE THE COURT ERRED WHEN SENTENCING DEFENDANT ON OBJECTED TO INACCURACIES IN THE PRESENTENCE INVESTIGATION REPORT AND COUNSEL WAS INEFFECTIVE FOR NOT OBJECTING AND MOVING FOR AN EVIDENTIARY HEARING.
>
> III. DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO REPRESENTATION OF COUNSEL OF HIS CHOOSING WHEN TRIAL COUNSEL SUBSTITUTED HIMSELF FOR RETAINED APPELLATE COUNSEL AND [SIC] INEFFECTIVE WHEN HE WAS UNPREPARED TO PURSUE ISSUES RAISED IN DEFENDANT'S MOTION AND FAILED TO OBEY THE COURT'S ORDER.
>
> IV. DEFENDANT-APPELLANT IS ENTITLED FOR [SIC] A REMAND TO THE TRIAL COURT TO IDENTIFY DEFENDANT'S MOTION FOR SPECIFIC ENFORCEMENT OF COURT'S ORDER TO CORRECT PRESENTENCE REPORT AND SANCTIONS OF CONTEMPT WHEREAS THE TRIAL COURT RECLASSIFIED IT AS A[N] MCR 6.500 MOTION FOR RELIEF FROM JUDGMENT WITHOUT WARNING DEFENDANT.

The Michigan Court of Appeals denied Petitioner's application for leave to appeal on September 15, 2006, for failure to meet the burden of establishing entitlement to relief under MICH. CT. R. 6.508(D). Petitioner raised the same four claims in his application for leave to appeal in the Michigan Supreme Court. On January 4, 2007, the Michigan Supreme Court denied Petitioner's application for leave to appeal pursuant to MICH. CT. R. 6.508(D). Petitioner now raises the same four claims in his application for habeas corpus relief.

II.   Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[1] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The judgment of sentence was entered on July 10, 2000. Petitioner did not pursue a direct appeal. Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*." (Emphasis added)). However, such a petitioner is not entitled to also count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See United States v. Cottage* 307 F.3d 494, 499 (6th Cir. 2002) (holding that, in the context of a motion under 28 U.S.C. § 2255, where a petitioner has failed to file a direct appeal to the court of appeals, the time for filing a petition does not include the ninety-day period for seeking certiorari in the United States Supreme Court because no judgment exists from which he could seek further review in the United States Supreme Court); *United States v. Clay*, 537 U.S. 522, 530-31(2003) (holding that finality is analyzed the same under §§ 2244(d)(1)(A) and 2255). Here, since the Supreme Court will review only final judgments of the "highest court of a state in which a decision could be had . . . ," 28 U.S.C. § 1257(a), the decision must be considered final at the expiration of the twelve-month period for seeking delayed review in the Michigan Court of Appeals. *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003); *Kapral*, 166 F.3d at 577; *Ovalle v. United States*, No. 02-1270, 2002 WL 31379876, at *2 (6th Cir. Oct. 21, 2002) (citing *Wims v. United States*, 225 F.3d 186, 188 (2d Cir. 2000)). Petitioner's conviction therefore became final on July 10, 2001.

Petitioner had one year from July 10, 2001, until July 10, 2002, to file his habeas application. Petitioner filed the instant petition on October 19, 2007, more than five years after the statute of limitations expired. Thus, his application is time-barred.

While 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period or restart the clock. Rather, it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. Because Petitioner's one-year period expired on July 10, 2002, his motion for relief from judgment filed in 2005 does not serve to revive the limitations period. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Thomas v. Johnson*, No. 99-3628, 2000 WL 553948, at \*2 (6th Cir. Apr. 28, 2000); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000).

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly" by this Court. *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-009. A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 127 S. Ct. at 1085 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner argues that the Court should allow him to "forego" the statute of limitations because he is not educated in the law, was denied court-appointed appellate counsel following his conviction and was impeded by the Lapeer County Circuit Court in his efforts to correct the PSIR. The fact that Petitioner is untrained in the law or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Assuming Petitioner was denied appellate counsel to represent him on his direct appeal, he still was required to diligently pursue his claims in the state courts. Petitioner waited five years after his entry of the judgment of sentence and almost three years after the trial court's order correcting the PSIR to bring his "Motion for Specific Enforcement of the Court's Order to Correct Pre-sentence Report and Sanctions for Contempt," which was construed by the trial court as a motion for relief from judgment. In light of these lengthy delays, the Court cannot find that Petitioner pursued his right diligently.

Likewise, the Court cannot find that an "extraordinary circumstance" stood in his way. Petitioner's assertion that the Lapeer County Circuit Court somehow impeded him from pursuing his claims is unpersuasive. Petitioner claims that he "has spent the better part of his post-conviction relief trying to get the sentencing court to enforce its ruling and make adjustments to its granting of Petitioner's Motion to correct inaccuracies in the Pro Sentence Investigation Report PSIR." (Pet., 14, docket #1.) The circuit court issued an order on June 17, 2002, requiring the Michigan Department of Corrections to remove any statement from the PSIR that Petitioner had violated his step-daughter and granddaughter hundreds of times over the years. Petitioner did not appeal the court's order or take any further action until he filed a "Motion for Specific Enforcement

of the Court's Order to Correct Pre-sentence Report and Sanctions for Contempt" on May 9, 2005. Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 510. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated: November 13, 2007                            /s/ Hugh W. Brenneman, Jr.
                                                    HUGH W. BRENNEMAN, JR.
                                                    United States Magistrate Judge


### **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).