UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DAVID G. BENNER,

      Petitioner,

v.                                                                    Case No. 1:07-CV-1059

CAROL C. HOWES,                                        HON. GORDON J. QUIST

      Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Petitioner's Objections to the report and recommendation dated November 13, 2007, in which Magistrate Judge Brenneman recommended that Petitioner's petition for writ of habeas corpus be denied because it is barred by the one-year statute of limitations. The magistrate judge also concluded that Petitioner is not entitled to equitable tolling and rejected Petitioner's assertion that the Lapeer County Circuit Court somehow impeded him from pursuing his claim. After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

Petitioner asserts two arguments in his Objections. First, he argues that because he filed a motion for re-sentencing and the trial court did not rule upon that motion until June 17, 2002, his conviction was not final and the statute of limitations had not begun to run. Second, Petitioner contends that the facts of this case support the application of equitable tolling. Both arguments are without merit.

With regard to the first argument, the magistrate judge concluded that Petitioner had until July 10, 2002, to file his habeas petition because his conviction became final on July 10, 2001 – one year after the trial court imposed the sentence. Even assuming that Petitioner's argument has some

validity (which the Court does not determine), Petitioner's petition would still be untimely, because the twelve-month period for seeking delayed review in the Michigan Court of Appeals would have expired on June 17, 2003, making the conviction final, and the one-year period for filing a habeas petition would have expired one year later, on June 17, 2004. Thus, the petition is still untimely.

Regarding Petitioner's second argument, the magistrate judge adequately considered Petitioner's arguments and concluded that Petitioner is not entitled to equitable tolling. Nothing in Petitioner's Objections indicates that the magistrate judge erred in this conclusion.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued November 13, 2007 (docket no. 2) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED** because it is barred by the one-year statute of limitations.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court.

This case is **concluded**.


Dated: January 3, 2008                               /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE